IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02242-KLM

FRANKLIN MERRILL,
LORA LEE,
BRENT LEE,
ANTHONY GLOVER,
KEITH HERRING,
ANTHONY DENNIS,
LARRY JURCAK,
SAMI NASR,
JENNIFER THOMAS,
ROBERT THOMAS,
RONALD DENNIS,
JESSE FISHER,
RODNEY LACY,
JAMES NEWBERRY,
TAMI POTIRALA,
CRAIG WILLIAMS,
ZIGMUND GUTOWSKI,
JOSEPH HORION,
ERIC ARD,
TIM HOLLINGSWORTH, and
LONNIE FAILS,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,
TRANSFORCE, INC., a Canadian corporation,
XPO LOGISTICS TRUCKLOAD, INC., and
CON-WAY TRUCKLOAD, INC., a Missouri corporation registered to conduct business in Colorado,

    Defendants.
_____

**MINUTE ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Renewed Joint Request for Status Conference** [#120] (the "Motion). Plaintiffs filed a Response [#121] in opposition to the Motion. No Reply was filed.

On June 19, 2017, the Court conditionally certified this lawsuit as a collective action. *See Order* [#115] at 4. The Court directed Defendants to provide Plaintiffs' counsel with a list of all putative collective action members by July 19, 2017, and ordered the notice and consent to be sent to putative collective action members by August 18, 2017. *Id.* at 4-5.

Plaintiffs' counsel sent a draft Notice to Defendants' counsel on July 3, 2017. *See* [#120-1]. Plaintiffs timely received the list of putative collective action members on July 19, 2017. *See* [#121-1] at 1. On or around July 25, 2017, Plaintiffs' counsel sent the Notice to the list of putative collective action members that had been provided by Defendants. Defendants were apparently under the impression that Plaintiffs would wait until about August 18, 2017, the deadline set by the Court, to send the Notice, and so had not yet responded to Plaintiffs with their proposed edits to the draft Notice. *Motion* [#120] at 5. Plaintiffs, not having heard from Defendants in twenty-two days that Defendants would be suggesting changes to the draft Notice, issued the Notice six days after receiving the list of putative collective action members. *Response* [#121] at 1-2.

Defendants seek a status conference "to address the issues relating to the Plaintiffs' unilateral, *ex parte*, issuance of Notices to potential opt-in Plaintiffs . . . ." *Motion* [#120] at 6. "Defendants believe a remedial Notice may be necessary, along with other relief, due to Plaintiffs' conduct." *Id.* Plaintiffs counter that they have "already offered to work with Defendants to craft a follow-on notice to cure any perceived deficiencies despite having no obligation to do so (and despite Defendants' failure to direct Plaintiffs to any substantive deficiency in their Notice) in order to avoid the instant briefing and involvement of the Court. Defendants declined this offer." *Response* [#121] at 4.

As the Court previously noted, it is aware of no binding authority *requiring* the Court to approve the form and content of the notice before it is sent to potential opt-in plaintiffs, *see* [#119], and the parties have provided none. The Court is also aware of no binding authority *requiring* Plaintiffs to obtain input from Defendants before sending notice to putative plaintiffs in a conditionally certified collective action. The Court has previously noted that "prudent attorneys normally obtain Court approval of the notice before it is sent in order to circumvent any issues regarding the notice at the earliest possible time." *See* [#119]. The same is true of obtaining input from the defendants in this kind of action.

However, the situation at hand is clearly a result of poor communication between counsel for both sides and could have been prevented had either counsel simply picked up the telephone or sent an e-mail informing the other that proposed edits to the draft Notice would be forthcoming from Defendants or that the proposed Notice would be sent by Plaintiffs on or about a certain date in the absence of any proposed edits from Defendants. Each side made assumptions about the other which has resulted in needless issues arising in connection with the content of the Notice.

Regardless, it is unclear what a Status Conference could possibly accomplish under these circumstances except as a forum to allow the parties to air their grievances about the conduct of one another. The Court sees no utility in that course of action. Rather, the Court orders as follows.

IT IS HEREBY **ORDERED** that the Motion [#120] is **DENIED without prejudice**. The parties are directed to confer about the efficacy of a Corrective Notice and whether one should be sent to the putative collective action members. If the parties cannot agree that a Corrective Notice should be sent and/or cannot agree on the exact content of the Corrective Notice, Defendants shall file a motion regarding issuance of a Corrective Notice and a proposed Corrective Notice, and any other relief sought in connection with this issue, **no later than October 19, 2017**. Plaintiffs shall file a response to the motion **no later than November 2, 2017**. Each party should submit their own version of the Corrective Notice *which clearly indicates each point of disagreement*. **No reply will be permitted**.

Pursuant to the Court's Minute Order [#142] directing the parties to call to reset various trial-related settings,

IT IS FURTHER **ORDERED** that the joint Final Pretrial Conference, Jury Instructions Conference, and Trial Preparation Conference are **RESET** for **March 22, 2018**, at **1:30 p.m.** in Courtroom A401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Trial counsel must attend in person.

IT IS FURTHER **ORDERED** that the proposed Final Pretrial Order is due **no later than March 15, 2018**.

IT IS FURTHER **ORDERED** that the fifteen-day Jury Trial is set to begin on **April 30, 2018**, at **9:00 a.m.** in Courtroom A401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Dated: October 5, 2017