IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02242-KLM

FRANKLIN MERRILL,
    et al.,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Strike Jury Demand** [#226][1] (the "Motion").[2] Plaintiffs filed a Response [#233] in opposition to the Motion, and Defendants filed a Reply [#239]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#226] is **GRANTED**.

**I. Background**

Plaintiffs have asserted five claims in this case: (1) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., (2) recision

---

[1] "[#226]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The parties have consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 40.1(c). *See* [#64, #67].

or voiding of lease agreements, warranties and promissory notes, and restitution, (3) unjust enrichment and restitution, (4) quantum meruit, and (5) unlawful retaliation in violation of the FLSA. *Second Am. Compl.* [#54] ¶¶ 59-86. Here, Defendants seek to strike Plaintiffs' Jury Demand [#82]. They assert that Plaintiffs are not entitled to a jury trial on any of their claims because (1) Plaintiffs knowingly and voluntarily waived their right to a jury trial, and (2) Plaintiffs' claims for rescission, unjust enrichment, and quantum meruit are purely equitable claims to which no right to a jury attaches. *Motion* [#226] at 2.

## II. Legal Standard

The Seventh Amendment guarantees the right to a trial by jury. United States Const. amend. XII. In cases litigated in federal courts, this guarantee is governed by federal law. *Telum, Inc. V. E.F. Hutton Credit Corp.,* 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)). As such, the question of whether a party has waived its right to a jury trial is a question of federal law. *Tracinda Corp. v. Daimler Chrysler AG,* 502 F.3d 212, 222 (3d Cir. 2007); *see also Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004). Jury trial waivers are governed by Fed. R. Civ. P. 38 and 39. Specifically, Rule 39(a) provides, in pertinent part:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

The Tenth Circuit has found that "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Telum*, 859 F.2d at 837. To be valid, the waiver must be knowing and intentional. *See id.* (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986)).

## III. Analysis

Although the Tenth Circuit Court of Appeals has not enunciated a complete list of factors to be considered in determining whether a contractual jury waiver is knowing and voluntary, courts in this District generally consider the following, non-exclusive factors: (1) the conspicuousness of the waiver; (2) the level of sophistication and experience of the contracting parties; (3) the negotiation of the contract's terms; (4) the relative bargaining power of the parties; and (5) whether counsel represented the waiving party. *See Tatonka Capital Corp. v. Connelly*, No. 16-cv-01141-MSK-NYW, 2016 WL 9344257, at *12 (D. Colo. Dec. 29, 2016). These factors merely help guide the Court's inquiry, though, because ultimately the question is "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Id.* (quoting *Tara Woods Ltd. P'ship v. Fannie Mae*, No. 09-cv-00832-MSK-MEH, 2010 WL 1529459, at *2 (D. Colo. Apr. 1, 2010). Courts in this District place the burden of proving that a waiver was knowing and voluntary on the party seeking to enforce the waiver. *Tatonka Capital Corp.*, 2016 WL 9344257, at *12.

Regarding the first factor, i.e., the conspicuousness of the waiver, the relevant Equipment Lease Agreement contains the following provision:

> **29. WAIVER OF JURY TRIAL.** THE LESSOR AND THE LESSEE HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY OR AGAINST EACH OTHER ON, OR IN RESPECT OF, ANY MATTER ARISING OUT OF, RELATING TO OR PERTAINING TO THIS EQUIPMENT LEASE, THE INTERPRETATION, BREACH, ENFORCEMENT OR SUBJECT MATTER THEREOF, THE RELATIONSHIP BETWEEN THE LESSEE AND THE LESSOR AND/OR ANY CLAIM OF INJURY OR DAMAGE FROM ANY OTHER RELATIONSHIP BETWEEN THE PARTIES HERETO.

[#195-16] at 8 (emphasis in original). The provision is the last numbered paragraph in the

agreement and is located on the same page and only shortly above where each Plaintiff signed the agreement. *Id.* The provision is also one of only two numbered paragraphs in the agreement which is emphasized in all capital letters. *Id.* The heading of the paragraph is printed in all capital letters and is emphasized in bold. *Id.* The Court finds this factor weighs heavily in favor of a knowing and voluntary waiver. *See, e.g.*, *Moreno v. Qwest Corp.*, No. 13-cv-00103-RM-MEH, 2013 WL 2444720, at *3-4 (D. Colo. June 5, 2013) (holding that this factor weighed in favor of waiver where the heading of the provision was set forth in bold, capital letters located four paragraphs above the signature line).

Regarding the second factor, i.e., the level of sophistication and experience of the contracting parties, ths issue is whether the waiving party was "sufficiently sophisticated to understand the meaning" of the jury waiver provision. *PostNet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, No. 06-cv-00125-PSF-BNB, 2006 WL 1775599, at *3 (D. Colo. June 26, 2010). The issue is not whether the waiving party was sufficiently sophisticated to understand the meaning of the entire contract and all of its provisions, but merely whether the waiving party was sufficiently sophisticated to understand the jury waiver provision itself. *See Telum*, 859 F.2d at 837-38 (holding that allegations relating to invalidation of a contract as a whole are insufficient to invalidate a jury waiver without providing allegations specific to the jury waiver). Further, "[i]t is a fundamental principle of law that, absent fraud or concealment, a person who signs a document is presumed to have knowledge of the document's contents, independent of whether that person has read the document." *Breaux v. Am. Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154, 1162 (D. Colo. 2005). Given this bedrock principle and in the absence of any evidence that Plaintiffs were not "sufficiently sophisticated" to understand the jury waiver provision specifically, the Court finds that this

factor weighs in favor of Defendants. However, given the absence of any evidence that Plaintiffs were highly sophisticated or experienced persons in this realm, the Court finds that this factor weighs in favor of Defendants only slightly.

Regarding the third factor, i.e., the negotiation of the contract's terms, it appears that the Equipment Lease Agreement is a form business contract, and that Plaintiffs had little or no ability to negotiate the terms of the agreement, including the jury waiver. *Response* [#233] at 13. However, Plaintiffs do not argue that they "attempted to negotiate the terms, particularly the jury waiver provision, and [were] rejected." *Moreno*, 2013 WL 2444720, at *4. "A contract clause is not unenforceable merely because one party to the contract insists on it." *PostNet Int'l Franchise Corp.*, 2006 WL 1775599 at *3. Plaintiffs were free to reject the contract and decline to enter into any agreement with Defendants. *See id.* Accordingly, the Court finds that this factor is neutral as to waiver. *See, e.g.*, *Moreno*, 2013 WL 2444720, at *4 (finding this factor neutral under similar circumstances).

Regarding the fourth factor, i.e., the relative bargaining power of the parties, "a disparity in bargaining power exists in most transactions between a commercial party and an individual, however, the relevant inquiry is whether this disparity was 'gross'." *Boyd v. U.S. Bank Nat'l Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *19 (D. Kan. Sept. 26, 2007) (citing *Telum*, 859 F.2d at 837). "This factor essentially considers whether the parties entered into the transaction on relatively even footing." *Boyd*, 2007 WL 2822518, at *18. However, "unequal bargaining power alone should not necessarily invalidate an otherwise valid contractual waiver of the right to jury trial." *Id.* "While it may be true that [Plaintiffs] had very little bargaining power in choosing whether to execute" the agreement provided by Defendants, Plaintiffs "simply could have declined the offered terms." *Id.* On

the other hand, Plaintiffs have provided evidence that the former XPO Defendants "were pushing Pathway Leasing trucks . . . They were sold on Matthew Harris' trucks more and that's what [the XPO Defendants] pushed." *Response* [#233] at 14 (citation to the record omitted). Given this evidence, the Court finds that this factor weighs against a knowing and voluntary waiver.

Regarding the fifth factor, i.e., whether counsel represented the waiving party, it is undisputed that Plaintiffs were not represented by counsel when considering and executing the agreement with Defendants. "However, there is nothing in the record indicating that Plaintiff[s were] prohibited from seeking the advice of counsel concerning the agreement." *Moreno*, 2013 WL 2444720, at *4. Thus, the Court finds that this factor is neutral as to waiver. *See id.*

Guided by these factors, the Court finds that, in light of all the circumstances, the jury waiver was knowing and voluntary and is not unconscionable, contrary to public policy, or simply unfair, and, accordingly, that the jury waiver is enforceable.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#226] is **GRANTED**.

IT IS FURTHER **ORDERED** that the nine-day Jury Trial currently set for June 25, 2018, through July 6, 2018, is **VACATED**.

IT IS FURTHER **ORDERED** that a nine-day Bench Trial is **SET** for **June 25, 2018, through July 6, 2018**, beginning at **9:00 a.m.** each day in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the Jury Instructions Conference set for June 22, 2018, at 9:30 a.m. is **VACATED**. The Final Pretrial Conference and Trial Preparation Conference remain set for the same day and time, i.e., June 22, 2018, at 9:30 a.m.

Dated: May 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge