IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02242-KLM

FRANKLIN MERRILL, et al.,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Determination as a Matter of Law That "Opt-In" Plaintiffs under 28 U.S.C. § 216(b) May Not Assert Any State-Law Claims, or, Alternatively, Motion in Limine** [#248][1] (the "Motion").  Plaintiffs filed a Response [#251] in opposition to the Motion, and Defendants filed a Reply [#252].

Plaintiffs have asserted five claims in this case: (1) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., (2) recision or voiding of lease agreements, warranties and promissory notes, and restitution, (3) unjust enrichment and restitution, (4) quantum meruit, and (5) unlawful retaliation in violation of the FLSA.  *Fourth Am. Compl.* [#82] ¶¶ 64-91.

The issue raised in the Motion is whether all Plaintiffs who opted into this lawsuit

---

[1] "[#248]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

under the FLSA may also present their individual state-law claims at trial, or whether only those Plaintiffs who are named in the Fourth Amended Complaint [#82] may present their individual state-law claims. As previously noted, and reiterated here, the Court finds it highly concerning that at this very late stage of the litigation, the parties are still not clear among themselves as to which Plaintiffs are properly asserting which claims. *Order* [#245] at 3. The Court also notes at the outset that it "has not certified Plaintiffs' state-law claims as part of a class action or otherwise." *Order* [#215] at 1.

Plaintiffs make four arguments in support of their assertion that all Plaintiffs who opted into this lawsuit under the FLSA may also present their individual state-law claims at trial. *Response* [#251] at 2. First, Plaintiffs argue that "Defendants are asserting a dispositive motion out of time . . . ." *Id.* However, given the procedural posture of the case, the Court declines to deny Defendants' Motion on this basis. First, the Court granted permission to either party to file the present Motion so that this issue could be determined prior to trial. Second, if Defendants are correct, claims will be dismissed because they were never properly asserted in this lawsuit in the first place. Thus, the Court considers Plaintiffs' remaining arguments.

Second, Plaintiffs argue that "the plain language of Plaintiffs' consent form indicates they were joining an 'existing lawsuit' . . . ." *Id.* Plaintiffs point to language in the Fair Labor Standards Act Consent Form [#162] which states that each Plaintiff who signed it authorized Plaintiffs' counsel "to represent me with my claims by joining my claims to an existing lawsuit against Defendants . . . ." *Response* [#251] at 5. Plaintiffs cite *Hicks v. T.L. Cannon Corporation*, 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014), for the proposition an FLSA consent form can be broad enough to encompass state law claims. *Response* [#251]

at 4.

However, even assuming the viability of this legal proposition, the Court finds that the language at issue in the Consent Form is simply not broad enough to encompass the state law claims at issue in this action. The Court previously noted (1) the Consent Form refers only to the Fair Labor Standards Act, and not to any state law causes of action, (2) each page of the Consent Form states "Notice of Opportunity to Join a Lawsuit to Recover Unpaid Minimum Wage," and (3) the Consent Form also states that each Plaintiff who signed it "consent[s] and desire[s] to be a named plaintiff in this action being asserted against Defendants pursuant to the Fair Labor Standards Act of 1938." *Order* [#245] at 3. The Court further notes here (1) the form is titled "Fair Labor Standards Act Consent Form," and (2) the sentence referred to by Plaintiffs regarding representation of "my claims by joining my claims to an existing lawsuit" comes immediately after the sentence stating that the action is asserted pursuant to the Fair Labor Standards Act. [#162] at 2.

In support of their position, Plaintiffs cite to *Hicks*, where the court found that the broad language of the FLSA consent form encompassed state law claims. 35 F. Supp. 3d at 339 ("However, the consents state that the Moving Opt–In Plaintiffs 'wish to preserve and pursue any claim that I may have to the greatest extent possible' and that they 'expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.'"). In support of their position, Defendants cite to *Saleem v. Corporate Transportation Group, Ltd.*, where the court found that the narrower language of the FLSA consent form did not encompass the state law claims. No. 12-CV-8450 (JMF), 2014 WL 7106442, at *1

(S.D.N.Y. Dec. 9, 2014) ("I consent to be a party plaintiff in a lawsuit . . . in order to seek redress from violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)" and "CONSENT TO JOIN LAWSUIT FILED UNDER THE FEDERAL FAIR LABOR STANDARDS ACT").

The language used by Plaintiffs in the Consent Form here is much more akin to the language in *Saleem* than it is to the language in *Hicks*. *See* [#162]. The Consent Form repeatedly mentions the failure to pay minimum wage and the FLSA. *See id.* There is no specific allusion to any of the state law claims asserted by Plaintiffs or even a general allusion to other claims aside from the one sentence which broadly mentions Plaintiffs' counsel's representation of "my claims by joining my claims to an existing lawsuit." As explained above, the surrounding language in the Consent Form appears to pertain directly to the FLSA. *See id.* at 2. Accordingly, the Court declines to deny the Motion on this basis.

Third, Plaintiffs argue that "Defendants are judicially estopped from raising this argument as the position is contrary to their prior position" and that "Defendants, until recently, were never confused by this proposition and conducted themselves in discovery and through dispositive motions briefing in a way consistent with all Plaintiffs having asserted all claims . . . ." *Response* [#251] at 2. Defendants concede that they completed some discovery regarding potential state law claims by the opt-in Plaintiffs, but assert that they did so because they were uncertain whether Plaintiffs would move for class certification of those claims pursuant to Federal Rule of Civil Procedure 23. *Reply* [#252] at 3.

Given that the dispositive motions were not directed at the merits of the state law claims, it is unclear what Plaintiffs mean when they assert that Defendants' dispositive

motions briefing is consistent with all Plaintiffs having asserted all claims. *See Response* [#251] at 2. The Court notes that Plaintiffs have not directed the Court's attention to any pleading in which they made clear that the FLSA opt-in Plaintiffs were asserting any state law claims, and Defendants' asserted position about being prepared for the possibility of a Rule 23 motion is eminently reasonable. In the absence of any other evidence regarding Plaintiffs' clear assertion of these claims or Defendants' clear understanding that these claims were individually being asserted by the opt-in Plaintiffs, the Court declines to deny the Motion on this basis.

Finally, Plaintiffs argue that ruling in Defendants' favor on this issue "would unduly prejudice 40 opt-in Plaintiffs who have litigated this far with the understanding they were asserting state law claims." *Response* [#251] at 2. However, Plaintiffs have provided no evidence in support of that conclusion, such as an affidavit from any opt-in Plaintiff, or even a direction to a pleading supporting this assertion. Defendants argue that Plaintiffs could have filed a motion for class certification under Federal Rule of Civil Procedure 23 or otherwise made clear that the opt-in Plaintiffs were asserting state law claims, but that they failed to do so. Based on the record before the Court, the Court agrees with Defendants that any prejudice incurred by the opt-in Plaintiffs was self-inflicted.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#248] is **GRANTED**. Because the Court finds that the opt-in Plaintiffs have not properly asserted individual state-law claims in this matter, they may not present evidence and pursue those claims at trial. Based on this Order and Order [#242], the opt-in Plaintiffs are limited to Count I of the Fourth Amended Complaint [#82], i.e., failure to pay minimum wage in violation of the FLSA.

In addition, because the Motion [#248] is granted, Plaintiffs ask the Court to certify this issue for appeal to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). *Response* [#251] at 6.  That provision states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Plaintiffs argue that "there is no question the parties possess a difference of opinion over a controlling question of law," and that "this litigation will not end after trial, even if named Plaintiffs prevail on every claim at trial, as all 40 opt-in Plaintiffs will be required to appeal the dismissal of their state law claims."  *Response* [#251] at 6.

Defendants respond in opposition that (1) "the Court can determine whether the opt-in Plaintiffs have joined the named Plaintiffs' state-law claims simply by interpreting the language of the FLSA consent forms themselves" without having to "address the broader legal issue regarding whether an opt-in Plaintiff[ ] can ever join the named Plaintiffs' state-law claims via a Section 216(b) consent form in the absence of Rule 23 class certification," (2) "[t]he Court has plenary discretion to deny certification, and the Tenth Circuit likewise has unfettered discretion to deny an interlocutory appeal of an order certified by the Court," (3) "[t]he Court should decline to certify its ruling because trial is *imminent*, and an interlocutory appeal at this juncture will only serve to further delay litigation," and (4) "denying Section 1292(b) certification at this time will not prejudice the opt-in Plaintiffs, because none of them will lose the right to appeal the Court's ruling."  *Reply* [#252] at 6-7.

After consideration of the parties' arguments, the Court finds that this issue is inappropriate for certification under 28 U.S.C. § 1292(b).  First, the issue here is not so much about a controlling question of law as it is about application of the law to the facts presented to the Court.  Second, resolution of this issue is not so close that the Court can find there is "substantial ground for difference of opinion."  Third, the fact that the opt-in Plaintiffs may appeal this ruling is procedurally equivalent to an appeal after a motion to dismiss is granted or summary judgment is entered.  In any of these situations, appeal is available on those issues after the case is terminated even when other claims proceed to resolution at trial or otherwise.

Accordingly, Plaintiffs' request for certification of this issue pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

Dated:  June 11, 2018

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge