**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:16-cv-02242-KLM

FRANKLIN MERRILL, *et al.*;
all individuals,

       Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado
limited liability company; and
MATTHEW HARRIS, an individual,

       Defendants.

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER
GRANTING DEFENDANTS' MOTION FOR DETERMINATION AS A MATTER OF
LAW**

---

Plaintiffs, by and through the undersigned counsel of Andrus Wagstaff, PC, hereby submit *Plaintiffs' Motion for Reconsideration of Court's Order Granting Defendants' Motion for Determination as a Matter of Law*. Pursuant to the Court's oral ruling at today's Status Conference, Plaintiffs are submitting a limited motion for reconsideration of the Court's Order [Dkt. 253], which granted Defendants' Motion for Determination as a Matter of Law [Dkt. 248]. Without waiving any other objections to the Court's Order, Plaintiffs file the instant Motion limited to the question of whether Defendants are judicially estopped from arguing that "opt-in" Plaintiffs have not asserted state law claims.

**I.    The Court's Order**

In its Order, the Court noted that Plaintiffs raised "four arguments" in opposition to Defendants' Motion [Dkt. 253 at 2]. The third argument raised by Plaintiffs asserted that Defendants are judicially estopped from arguing that opt-in Plaintiffs never asserted state law claims. [Dkt. 253 at 4]. In relevant part, the Court ruled:

> Defendants concede that they completed some discovery regarding potential state law claims by the opt-in Plaintiffs, but assert that they did so because they were uncertain whether Plaintiffs would move for class certification of those claims pursuant to Federal Rule of Civil Procedure 23 . . . Given that the dispositive motions were not directed at the merits of the state law claims, it is unclear what Plaintiffs mean when they assert that Defendants' dispositive motions briefing is consistent with all Plaintiffs having asserted all claims . . . The Court notes that **Plaintiffs have not directed the Court's attention to any pleading in which they made clear that the FLSA opt-in Plaintiffs were asserting any state law claims, and Defendants' asserted position about being prepared for the possibility of a Rule 23 motion is eminently reasonable. In the absence of any other evidence regarding Plaintiffs' clear assertion of these claims or Defendants' clear understanding that these claims were individually being asserted by the opt-in Plaintiffs, the Court declines to deny the Motion on this basis**.

[Dkt. 253 at 4-5 (emphasis added)]. Thus, the Court declined to apply the doctrine of judicial estoppel in the absence of clear evidence proffered by Plaintiffs that they were bringing state law claims, of Defendants' clear understanding of Plaintiffs' individual assertion of these claims.

## II.     Issues Overlooked

Plaintiffs' assert that: (1) the starting point of the analysis of the application of judicial estoppel should begin with the *position taken by the party seeking to be estopped*, in this case, Defendants; and (2) in any event, Defendants did signal their "clear understanding" that opt-in Plaintiffs were bringing individual state law claims. Plaintiffs provided this information to the Court in response to Defendants' Motion to Bifurcate, which was incorporated into Plaintiffs' Response to Defendants' Motion for Determination as a Matter of Law:

> In fact, Defendants in their own *Motion to Decertify Collective Action* argued: "And if Plaintiffs were permitted to prosecute their state-law claims as a class, then a **series of over 50 mini-trials would need to be conducted** just to determine their damages . . . These variations [in the nature of the claims] counsel strongly against attempting to manage **50-plus Plaintiffs' individual claims** as the FLSA collective-action claims in the same case." [Dkt. 201 at 17, 19] (emphases added) . . . Defendants are judicially estopped from changing position at this late juncture. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.").

[Dkt. 231 at 4-6]; *see also Kaiser v. Bowlen*, 455 F.3d 1197, 1203 (10th Cir. 2006) ("Judicial estoppel is a doctrine designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment") (internal quotation and citation omitted).

Here, Plaintiffs respectfully submit the Court overlooked the following undisputed facts: (1) Defendants, in their Motion to Decertify Collective Action, took a position directly contrary to their current position, namely that Plaintiffs possessed "50-plus . . . individual claims;" and (2) Defendants succeeded in maintaining that position as Defendants' Motion to Decertify Collective Action was granted with regard to the state law claims. Moreover, the prejudice to the opt-in Plaintiffs in losing their state law claims just before trial is manifest (not the least of which involves the running of the statutes of limitation). Thus, Defendants are now judicially estopped from asserting a directly contrary position based on the "exigencies of the moment."

### III. Conclusion

For the reasons stated herein, and in their prior briefing on this issue, Plaintiffs respectfully request the Court reconsider its Order [Dkt. 253] thereby denying Defendants'

Motion for Determination as a Matter of Law [Dkt. 248] because Defendants were judicially estopped from raising such an argument. Should the Court grant the relief requested herein, Plaintiffs request a telephonic status conference to determine the effect of such an order on the pending trial dates. Should the Court deny the relief requested herein, Plaintiffs respectfully request this issue be certified for immediate, interlocutory appeal as the resolution of this issue does not turn on disputed issues of fact, but rather "such order [would] involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order [would] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Respectfully submitted this 12th day of June, 2018.

/s/ John R. Crone
John R. Crone
CO Bar No. 48284
ANDRUS WAGSTAFF PC
7171 West Alaska Drive
Lakewood, Colorado 80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361
John.Crone@andruswagstaff.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2018, a true and correct copy of the foregoing *Plaintiffs' Motion for Reconsideration of Court's Order Granting Defendants' Motion for Determination as a Matter of Law* was electronically filed with the Clerk of the Court using the CM/ECF system, which also electronically served Pathway Defendants through their attorneys:

Mark Wiletsky
mbwiletsky@hollandhart.com

Robert M. Thomas
rmthomas@hollandhart.com

Jeremy Merkelson
jbmerkelson@hollandhart.com

                                                       By:   /s/ John R. Crone
                                                                                 John R. Crone