IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02242-KLM

FRANKLIN MERRILL, *et al.*, all individuals,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,

    Defendants.

# DEFENDANTS PATHWAY LEASING LLC AND MATTHEW HARRIS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER

    Pathway Leasing LLC and Matthew Harris (collectively, "Pathway") respectfully request that this Court deny Plaintiffs' Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Determination as a Matter of Law (Dkt. 254). The Court correctly concluded that the opt-in Plaintiffs did not properly assert the state-law claims alleged by the named Plaintiffs (Dkt. 253), and Plaintiffs' provide no basis for altering that decision.

    1.    "A motion for reconsideration 'is an extreme remedy to be granted in rare circumstances.'" *Cary v. Tessier*, 2014 WL 2209102, *1, Civil Action No. 12-cv-02072-RM-KLM (D. Colo. May 27, 2014) (quoting *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995)). Grounds for reconsideration "are limited to the following: '(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.'" *Cary*, 2014 WL 2209102 at *1 (quoting *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)).

2. In their Motion to Reconsider, Plaintiffs do not allege any new facts or that the Court misunderstood the facts, or argue there was a change in controlling law. At best, Plaintiffs allege that the Court "overlooked" support for their judicial estoppel argument. Dkt. 254 at 2-3.

3. Contrary to Plaintiffs' assertion, the Court did not "overlook" any argument made by Plaintiff. Instead, the Court correctly observed that "Plaintiffs have not directed the Court's attention to any pleading in which [the Defendants] made clear that the FLSA opt-in Plaintiffs were asserting any state law claims. . . ." Dkt. 253 at 5. In response, Plaintiffs reiterate their argument that Pathway, in its motion to decertify (Dkt. 201), "signal[ed] [its] 'clear understanding' that opt-in Plaintiffs were bringing individual state law claims" by referencing the possibility of 50 mini-trials. Dkt. 254 at 2-3. Plaintiffs fail to mention, however, that Pathway initially argued in its motion to decertify that Plaintiffs had failed to certify the state-law claims as a class action, and its reference to 50 mini-trials was in conjunction with Pathway's alternative argument as to why the state law claims *could not* be certified under Rule 23.[1] Dkt. 201 at 7-18. Therefore, Plaintiffs have not demonstrated that the Court made a clear (or any) error, or that it overlooked any arguments.

4. In any event, judicial estoppel is not applicable here. Judicial estoppel "is applied in the narrowest of circumstances." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005). Generally, it applies to factual, not legal, positions, when a party successfully argues a particular position and then later takes a clearly inconsistent position, giving the party to be estopped an unfair advantage or imposing an unfair detriment on the other party, and creating the

---

[1] An additional reference to 50 mini-trials occurs on page 19 of the motion to decertify (in connection with the argument that the Court should decline to exercise supplemental jurisdiction over the state law claims). This reference also does not support Plaintiffs' judicial estoppel argument.

perception that the Court may have been misled. *Johnson*, 405 F.3d at 1069; *see also Kaiser v. Bowlen, PDB Sports, Ltd.*, 455 F.3d 1197, 1203 (10th Cir. 2006). Here, Plaintiffs are relying on Pathway's assertions regarding the opt-in Plaintiffs' legal standing to pursue claims, which is not a factual position. In any event, Pathway has not taken clearly inconsistent positions on this issue. Moreover, the Court did not rely on the reference to 50 mini-trials when it ruled on Pathway's motion to decertify, as it concluded the motion to decertify the Plaintiffs' state law claims was moot, and the Court later concluded that it would continue to exercise supplemental jurisdiction over the state-law claims. Dkt. 215 at 1 ("Regarding the request that the Court decertify Plaintiffs' state-law claims, this request is **denied as moot**, on the basis that the Court has not certified Plaintiffs' state-law claims as part of a class action or otherwise.") (emphasis in original); Dkt. 244.

5. Consequently, Plaintiffs have not provided a basis for this Court to reconsider its Order, in which it correctly concluded that the opt-in Plaintiffs have not properly asserted state-law claims.

Respectfully submitted June 13, 2018.

> *s/Mark B. Wiletsky*
> HOLLAND & HART LLP
> 1800 Broadway, Suite 300
> Boulder, CO 80302
> Phone: (303) 473-2864
> Fax: (303) 975-5292
> MBWiletsky@hollandhart.com
>
> **ATTORNEYS FOR PATHWAY LEASING LLC AND MATTHEW HARRIS**

## CERTIFICATE OF SERVICE

  I hereby certify that on June 13, 2018, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

 John R. Crone
 ANDRUS WAGSTAFF P.C.
 7171 West Alaska Drive
 Lakewood, Colorado 80226
 Phone: (303) 376-6360
 John.Crone@andruswagstaff.com

 **ATTORNEYS FOR PLAINTIFFS**

               *s/Resa Haskell*

11066267_2