IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02242-KLM

FRANKLIN MERRILL, et al.,

      Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,

      Defendants.

_____

ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Reconsideration of Court's Order Granting Defendants' Motion for Determination as a Matter of Law** [#254][1] (the "Motion"). Defendants filed a Response [#255] in opposition to the Motion. No Reply was permitted. *See* [#256].

On June 11, 2018, the Court ruled that because "the opt-in Plaintiffs have not properly asserted individual state-law claims in this matter, they may not present evidence and pursue those claims at trial" and that "the opt-in Plaintiffs are limited to Count I of the Fourth Amended Complaint [#82], i.e., failure to pay minimum wage in violation of the FLSA." *Order* [#253] at 5. Here, Plaintiffs seek reconsideration of one aspect of the Court's Order [#253], i.e., "whether Defendants are judicially estopped from arguing that

_____

[1] "[#254]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

'opt-in' Plaintiffs have not asserted state law claims." *Motion* [#254] at 1.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Plaintiffs invoke the third exception, i.e., the need to correct clear error, in the present Motion.

"Courts may invoke judicial estoppel to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1146-47 (10th Cir. 2017) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). "[T]he circumstances in which courts apply this doctrine vary," but "three factors typically inform this decision . . . ." *Malamed*, 874 F.3d at 1147. First, "a party's subsequent position must be clearly inconsistent with its former position." *Id.* Second, the "party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* Third, the party "would gain an unfair advantage in the litigation if not estopped." *Id.*

The extent of Plaintiffs' argument regarding judicial estoppel in their Response was that "Defendants are judicially estopped from raising this argument as the position is

contrary to their prior position and would unduly prejudice 40 opt-in Plaintiffs who have litigated this far with the understanding they were asserting state law claims." *Response* [#251] at 2.  Although Plaintiffs incorporated by reference argument made in the Response [#231] to Defendants' Motion to Bifurcate [#227], *see Response* [#251] at 1-2, Plaintiffs did not clearly discuss the factors to be considered by the Court when determining whether judicial estoppel applies.  *See Response* [#231] at 4-6.

Regarding the first factor, "a party's subsequent position must be clearly inconsistent with its former position."  *Malamed*, 874 F.3d at 1147.  Plaintiffs direct the Court's attention to two statements made by Defendants in the Motion to Decertify Collective Action: (1) "And if Plaintiffs were permitted to prosecute their state-law claims as a class, then a series of over 50 mini-trials would need to be conducted just to determine their damages," and (2) "These variations counsel strongly against attempting to manage 50-plus Plaintiffs' individual claims as the FLSA collecti[ve]-action claims in the same case." [#201] at 17, 19.  The Court notes that Defendants' "former position" here consists of statements made in the course of arguing: first, that the Rule 23 "superiority" requirement for class action certification was not met and, second, that the Court should decline supplemental jurisdiction over all state law claims because state law issues would substantially predominate over the FLSA claims.  *See id.*  Neither of these stances are "clearly inconsistent" with Defendants' current position that the opt-in Plaintiffs have not adequately asserted state-law claims in this litigation.

The second factor is that the "party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled."

*Malamed*, 874 F.3d at 1147.  The Court did not previously determine whether Plaintiffs' state-law claims should be decertified, because the Court held that Plaintiffs never properly certified such claims in the first place.  *Order* [#215] at 1-2.  The Court also *rejected* Defendants' argument regarding supplemental jurisdiction, determining instead that it would continue to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *Order* [#244] at 4.  No decision was made at that time regarding the scope of those claims or regarding which Plaintiffs had asserted which claims.  *See generally id.*  Thus, the Court did not materially "accept" any argument or statement previously made by Defendants and has no perception of having been misled.

The third factor is that the party "would gain an unfair advantage in the litigation if not estopped."  *Malamed*, 874 F.3d at 1147.  Given that, based on the first two factors, the Court has found that Defendants' previous legal arguments do not amount to a statement of a position which may form the basis for judicial estoppel, it need not determine the issue of "unfair advantage."

Judicial estoppel is "a discretionary remedy courts may invoke to prevent improper use of judicial machinery."  *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (internal quotation marks omitted) (quoting *New Hampshire*, 532 U.S. at 750).  It is applied only "in the narrowest of circumstances."  *Johnson*, 405 F.3d at 1069 (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).  In light of the Court's discussion above, those circumstances are simply not present here.  Thus, although the Court clarifies its prior Order [#254] to the extent stated herein, its prior decision regarding judicial estoppel stands.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#254] is **DENIED**.

Dated:  June 18, 2018

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge